**SCHIAN WALKER, P.L.C**.
3550 NORTH CENTRAL AVENUE, #1500
PHOENIX, ARIZONA 85012-2188
TELEPHONE: (602) 285-4545
FACSIMILE: (602) 297-9633
E-MAIL: ecfdocket@swazlaw.com
DALE C. SCHIAN, #010445
Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>DP8, L.L.C., an Arizona limited liability company,<br><br>Debtor. | No. 2-04-13428-GBN<br><br>CHAPTER 11<br><br>**RESPONSE TO MOTION FOR PAYMENT OR DEFAULT INTEREST**<br><br>DATE: March 7, 2005<br>TIME: 11:30 A.M.<br>LOCATION: 230 North First Avenue<br>Phoenix, Arizona<br>Courtroom 702, 7th Floor |

Debtor, DP8 L.L.C., by and through its undersigned counsel, hereby responds to the Motion for Payment of Default Interest (the "Motion" and the "Response") filed by Randa Larson, personal representative of the estate of John Andersen, and Ray Bowyer, personal representative of the estate of Andra K. Bowyer (collectively "Movants").

In the Motion, Movants contend that they are entitled to receive default interest and attorney's fees and collection costs (approximately $172,000) pursuant to their rights under a promissory note and deed of trust. The real property securing the underlying obligation has been sold, and the Debtor is holding the funds subject to an adjudication of this issue. The Debtor contends that dispositive case law in the Ninth Circuit denies Movants the right to default interest under these circumstances. To award Movants default interest in these circumstances would constitute an abuse of discretion. In re Udhus, 218 B.R. 513, 517 (Bankr. 9th Cir. 1998). The Debtor is entitled "to *nullify all consequences* of default, including avoidance of default penalties such as higher interest." In re

Southeast Co., 868 F.2d 335, 338 (9th Cir 1989) (quoting, In re Entz-White & Lumber and Supply Co., 850 F.2d 1338, 1342 (9th Cir. 1988)) (emphasis added by Southeast court).

This response is more fully supported by the Memorandum of Points and Authorities that is attached hereto and incorporated herein by this reference.

RESPECTFULLY submitted this   28th   day of February, 2005.

SCHIAN WALKER, P.L.C.

  /s/ Dale Schian #10445
Dale C. Schian
Attorneys for Debtor

## MEMORANDUM OF POINTS AND AUTHORITIES

**Factual Background**

Movants sold certain real property to the Debtor, with the purchase price payable by a note secured by a deed of trust. The Debtor failed to make the annual payment due on March 4, 2004. The Movants were vastly over-secured, holding collateral with a value that was approximately 5 times the amount of the debt owing to Movants. The Note provides for the payment of interest of 8% per annum, but after default that rate more than doubles to 18%

After the filing of this proceeding, and pursuant to a motion filed by a third party (and initially opposed by the Debtor), a portion of the real property securing the obligation was sold. All sums due and owing to Movants, except for default interest, attorneys fees and collection costs (individually and collectively "Default Interest"), were paid. The balance of the sale funds are held by the Debtor pursuant to court order pending resolution of this issue.

The Debtor has pending before this Court its plan of reorganization that treats the Movants claim as "not impaired" and proposes to pay that claim the full amount to which it is entitled pursuant to 11 U.S.C. § 1124(2). The Movants have made no claim that they have suffered any damages as a result of the brief delay from March 4, 2004, when a single payment of $902,246 became due, until

September 2005 when they received full satisfaction of all principal and non-default interest owing with respect to their claim.

**Argument**

Movants rely on In re Sublett, 895 F.2d 1381 (11th Cir. 1990), and seek to limit a debtor's ability to cure defaults to insolvent debtors. Movants contend that they are entitled to Default Interest based on 11 U.S.C. § 506(b) which entitles an over-secured creditor to any reasonable fees, costs or charges provided for under the agreement under which such claims arose. In support of the Motion, Movants have relied extensively on case law from outside of the Ninth Circuit, and have dismissed any reliance by the Debtor on the Ninth Circuit cases rulings on this issue as "misplaced". Movants have also argued that equity favors the payment of Default Interest, both under the operative note and the fact that the Debtor is "highly solvent".

However, the Ninth Circuit has rejected an insolvency requirement. In the case of In re Casa Blanca Project Lenders, L.P., 196 B.R. 140, 147 (Bankr. 9th Cir.1996), the bank requested that the BAP disregard consideration of the plan filed by the debtor, and the plans denial of the bank's request for default interest, because the plan provided for a return to the Debtor's equity. The Bankruptcy Appellate Panel rejected this request and the noted "that a plan may provide for equity holders as well as creditors." Id.

In the case of In Sylmar Plaza L.P., 314 F.3d 1070 (9th Cir. 2002), the court dealt with the allegation that the chapter eleven plan was not proposed in good faith, since the debtors were solvent, and proposed to pay the creditor, Platinum Capital, Inc. ("Platinum") at the non-default interest rate, saving approximately one million dollars. Id. at 1073. The primary purpose of the plan was to cure the underlying default and reinstate the underlying obligation at the non-default interest rate. Id. at 1073-74 Platinum was to receive a lower interest rate than the unsecured creditors. Id. at 1075. The bankruptcy court held, and the Bankruptcy Appellate Panel and Ninth Circuit agreed, that a plan proposed for the purpose of eliminating a creditor's right to default interest met the § 1129(a)(3) requirement for good faith. Id. at 1075. Platinum contended that the plan left the debtor solvent at their

expense, by avoiding the payment of default interest. The court found that the debtor's utilization of Code provisions that have an adverse effect on a creditor is not evidence of bad faith. Id. The Sylmar court rejected the contention that the creditor was entitled to receive more than its pre-default contract rate of interest . Id. at 1075-76.

The first time that the Ninth Circuit Court of Appeals addressed this issue was in In re Entz-White Lumber and Supply, Inc., 850 F.2d 1338 (9th Cir. 1988). The Ninth Circuit held "by curing the default, [the debtor] is entitled to avoid all consequences of the default including higher post-default interest rates. This result is consistent with the treatment by other courts of the Bankruptcy Code's cure provisions" Id. at 1342. See also, In re Southeast Co., 868 F.2d 335, 339, (9th Cir. 1989) ("To allow pre-petition interest at the post-default rate will completely eliminate the benefits of curing this case, as it would fail to nullify a significant consequence of the default").

The bankruptcy court in In re Casa Blanca, 196 B.R. 140 (9th Cir. 1996) ordered the payment of default interest after the property was sold pursuant to § 363 outside of a confirmed plan of reorganization. The debtor appealed and argued that it was entitled to the benefits of a "cure" which nullified imposition of the default interest rate. Id. at 142. The BAP concluded that the concept of a "cure" under the Bankruptcy Code is a return to pre-default conditions. Id. at 143-44 (citing In re Taddeo, 685 F.2d 24 (2nd Cir. 1982)). Accord, In re Udhus, 218 B.R. 513, 517 (Bankr. 9th Cir. 1998) (rejecting the creditor's attempt to utilize Casa Blanca to argue a "balancing of the equities" to distinguish Entz-White and holding that the bankruptcy court had no discretion to award default interest, even where other creditors were to be paid in full).

The bankruptcy court In re 433 South Beverly Drive, 117 B.R. 563 (Bankr. C.D. Cal. 1990), considered the proper measure of post-default interest due to an over secured creditor. The court concluded that the pre-contract default rate was appropriate unless that rate is less than a market rate. Id. at 567. In so holding, the Beverly court reconciled the requirement of Bankruptcy Code §1124(2) for compensation to the creditor for any damages that arise from the default with the concept of a sale under

§363 where §1124(2) is not expressly applicable. Nevertheless, in the present case before this Court, the pre-default contract rate of interest (8%) is not below market today for a creditor secured by collateral having a value that is approximately five times greater than the amount of its debt, nor have the Movants suggested or offered evidence of any such damages.

The Movants assert that In re Terry Limited Partnership, 27 F.3d 241 (7th Cir. 1994) reflects an over-secured creditor's entitlement to default interest in the Seventh Circuit. However, in that case, "the bankruptcy judge heard extensive testimony about the purpose of a default rate of interest. Specifically, the evidence established at a default rate is commonly included in mortgage transactions to cover the additional, but unforeseeable costs and risks associated with a defaulting borrower." Id. at 244. Based upon that record, the court approved a default rate of interest that was 3% higher than the non-default rate. Id. No similar evidence has been offered in this case to justify a 10% increase from 8% to 18%.

The Movants also cite In re Laymon, 958 F.2d 72 (5th Cir. 1992) in support of their contention that a Fifth Circuit of Appeals would impose a default rate of interest. The Laymon case was analyzed by Judge Case in In re The Boardwalk Partners, 171 B.R. 87, 91-92 (Bankr. Ariz. 1994). In the Laymon case, the bankruptcy judge originally awarded the pre-default contract rate. "Dissatisfied with the court's ruling that he was entitled to interest at the contract rate, the creditor sought reconsideration on the 'default rate' issue." Id. at 91. On reconsideration, the bankruptcy judge "concluded that the appropriate rate to be applied was the federal judgment rate, rather than either the contract rate or the default rate." Id. On appeal, the Fifth Circuit reversed and concluded that the *pre-default contract rate* should be applied. 958 F.2d at 74.

**Conclusion**

The overwhelming weight of authority, and controlling Ninth Circuit authority mandate that a bankruptcy court award an over-secured creditor interest at the pre-default contract rate, absent the creditor producing evidence that they suffered damages as a result of the debtor's default. No such

evidence has been suggested or offered in this case. The Eleventh Circuit Court of Appeals in its Sublett decision suggested that a different analysis is required where the debtor is solvent; however, a solvency requirement has been expressly considered and rejected in the Ninth Circuit.

Wherefore, the Debtor respectfully requests that Court deny the Motion and award the Debtor its reasonable costs and attorneys' fees incurred in connection with this issue.

Respectfully submitted this __28th__ day of February, 2005.

SCHIAN WALKER, P.L.C.


 /s/ Dale Schian #10445
Dale C. Schian
Attorneys for Debtor


COPY of the foregoing emailed
this 28th day of February, 2005, to:

Edward M. Zachary, Esq.
Bryan Cave LLP
Two North Central Ave. Suite 2200
Phoenix, Arizona 85004-4406
Edward.Zachary@bryancave.com
Attorneys for Movants

/s/ Dale Schian
DP8\Ch11\Plead\ResMotPayDefaultInt