Edward M. Zachary, Esq. (#019643)
Bryce A. Suzuki, Esq. (#022721)
**BRYAN CAVE LLP**
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
Telephone:   (602) 364-7000
Facsimile:   (602) 364-7070
Internet:   edward.zachary@bryancave.com
             bryce.suzuki@bryancave.com

Attorneys for Randa Larson, as Personal Representative
of the Estate of John Andersen, and Ray Bowyer, as
Personal Representative of the Estate of Andra K. Bowyer

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>DP8, L.L.C., an Arizona limited liability company,<br><br>Debtor. | Chapter 11<br><br>No. 2-04-013428-GBN<br><br>**REPLY TO RESPONSE TO MOTION FOR PAYMENT OF DEFAULT INTEREST** |

Randa Larson, as Personal Representative of the Estate of John Andersen, and Ray Bowyer, as Personal Representative of the Estate of Andra K. Bowyer (collectively, "Movants"), by and through their counsel, hereby submit their Reply to the Response of the above-named Debtor, dated February 28, 2005 (the "Response"), to Movants' Motion for the Payment of Default Interest and Attorneys' Fees, dated December 1, 2004 (DKT #56, the "Motion").

The Response does not challenge or otherwise call into question Movants' statement of the background of the dispute giving rise to the Motion. Rather, in it, Debtor seeks to confuse the procedural context in which the Motion arises and upon so doing, then mischaracterizes applicable case law in its attempt to justify an inequitable result unsupported by statute or in a fair reading of the caselaw.

Movants believe that the Motion should be granted in all respects and refer the Court to the Further Memorandum of Points and Authorities set forth below and incorporated herein. Movants also respectfully refer the Court to the Motion and the Statement of Background and Legal Argument set forth therein and incorporated herein by reference.

SUBMITTED this ___ day of March, 2005.

BRYAN CAVE LLP

By:_____
Edward M. Zachary
Bryce A. Suzuki
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
Attorneys for Randa Larson, as Personal Representative of the Estate of John Andersen, and Ray Bowyer, as Personal Representative of the Estate of Andra K. Bowyer

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I. **FACTUAL BACKGROUND.**

As noted in the Motion, at ¶¶ 7 – 10, this dispute arises under an Order of the Court authorizing a sale, free and clear of liens and encumbrances pursuant to Section 363 of the Bankruptcy Code, of certain real property in which Debtor held a sixty percent (60%) equity interest. The proceeds of such sale were to be held subject to further order of the Court. After the sale, the Debtor agreed to release to Movants the outstanding principal amount of the Movants' secured claim, plus all interest owing thereon in recognition of the validity and extent of Movants' secured claim. Notwithstanding the request by members of the Debtor[1] to honor Movants' claim for default interest and

---

[1] Transcript of Hearing, September 28, 2004, p. 83, l. 22-24; p. 8, l. 25; and p. 9, l. 1-5 (DKT #49).

498634.1[0182549]  2

attorneys' fees arising under and pursuant to the documents giving rise to Movants' claim, Debtor refused to do so pending a determination by this Court as to Movants' right thereto.

Despite Debtor's strenuous effort to avoid confronting the procedural context of the Motion, this dispute arises out of (i) a sale under Section 363 of the Bankruptcy Code and (ii) the claim of an oversecured creditor under Section 506(b) for default interest and attorneys' fees provided for under Movants' Promissory Note and Deed of Trust. It does not arise out of a plan of reorganization.[2] Merely filing a plan of reorganization does not turn a Section 363 sale into a sale of property pursuant to a plan.

## II.  **LEGAL ARGUMENT.**

Because the Debtor seeks to mischaracterize the procedural context in which the dispute arises, it presents inapplicable caselaw to the Court to support its position. For example, In re Udhus, 218 B.R. 513 (9th Cir. 1998), involved a sale, pursuant to a plan of reorganization, of property which was encumbered by a mortgage.[3] The Court found that the Plan cured any existing default pursuant to Section 1123. The Debtor's citation to Uhdus deliberately omits the language making this distinction clear:

> In this case, the cure was effectuated under Udhus's chapter 11 plan and Section 1123. Casa Blanca does not serve as authority for CityBank's argument. The bankruptcy court had no discretion to award default interest.

Uhdus, 218 B.R. at 517 (emphasis added).

The other plan cure cases relied on by Debtor are similarly inapplicable. For example, the Entz-White decision, 850 F.2d 1338 (9th Cir. 1988) involved the payment

---

[2]  Debtors' discussion of caselaw regarding cure of default under a plan of reorganization demonstrates why it so strenuously cites plan cure of default cases which are simply inapplicable to this dispute.

[3]  Significantly, the secured loan in Udhus was made in 1992, and thus the 1994 amendments discussed in the Motion, at 5, 19-24 were inapplicable. See discussion, infra.

498634.1[0182549]  3

of the allowed secured claim of the lender pursuant and subsequent to the confirmation of the Debtor's plan of reorganization.[4] Similarly, Southeast Co., 868 F.2d 335 (9th Cir 1988), involved a plan confirmation dispute on an oversecured creditor's claim for default interest on a note which was reinstated and to be paid and satisfied subsequent to the confirmation of the Debtor's plan of reorganization. Id. at 337. Finally, the Sylmar Plaza decision, 314 F.3d 1070 (9th Cir. 2002) considered Section 1129(a)'s good faith standard for a plan of reorganization which sought to avoid an oversecured creditor's claim for default interest.

Casa Blanca, 196 B.R. 140 (BAP 9th Cir. 1996), deals with a Section 363 sale and is the only analogous case cited by the Debtor. However, the case is readily distinguishable from this matter. The Casa Blanca court reversed and remanded the bankruptcy court's decision to grant an oversecured creditor's claim for default interest and attorneys' fees. It specifically did not disallow such claim or state that such claim was improper in all respects. Id. at 148. Attention should also be directed to the dissenting opinion of Judge McKeag, which clearly clarifies what the Casa Blanca holding is: "I agree with the result reached by the majority, which requires the bankruptcy court to examine and consider various equitable factors before allowaing default interest. My disagreement extends only to the Court's application of the Entz-White and Southeast holdings to lien free sales which would preclude any award of default interest."

Moreover, the Casa Blanca court specifically noted it could not apply the 1994 Amendments of the Code, which were made applicable to contracts entered into after that date. The Code now requires that "the amount necessary to cure a default shall be determined in accordance with the underlying agreement and applicable nonbankruptcy

---

[4] Notwithstanding the Entz-White holding, the Court added the following footnote: "We continue, of course, to recognize bankruptcy courts' 'broad equitable discretion' in awarding post-petition interest." Entz-White, 850 F.2d at 1343.

498634.1[0182549]　　　　　　　　　　　　　4

law." See Id. at 147 & n.10. The 1994 Amendments therefore arguably reverse Entz-White and its progeny. Had Casa Blanca been decided under the 1994 Amendments, the result likely would have been very different.

The Debtor's attempt to distinguish the Fifth Circuit's opinion in the Laymon, 958 F.2d 72 (5th Cir. 1992), results in a completely inaccurate statement of the holding of the case. See Debtor's Response, at 5, lns. 20-21. The precise holding of Laymon is as follows: "Accordingly, whether the 18% default rate, rather than the 10% pre-default rate, should apply in this case must be decided by examining the equities involved in this bankruptcy proceeding." Id. at 76. Debtor's assertion that the Laymon court applied the pre-default rate as a matter of law is patently wrong and misleading.

### III. Conclusion.

Based on the tests set forth in the Motion as to the balancing of the equities involved and on the precise language of Section 506(b) of the Code, Movants contend that they are entitled as a matter of law, equity and fairness to the allowance and immediate payment of their claim for interest calculated at the agreed upon rate by sophisticated borrowers in an arms' length negotiation. Movants also pray for the award of their attorneys' fees in connection with this matter, which have been significantly increased by the Debtor's conduct in contesting Movants' claim.

SUBMITTED this 4th day of March, 2005.

BRYAN CAVE LLP

By: /s/ EMZ, 019643
    Edward M. Zachary
    Bryce A. Suzuki
    Two North Central Avenue, Suite 2200
    Phoenix, Arizona 85004-4406
Attorneys for Randa Larson, as Personal Representative of the Estate of John Andersen, and Ray Bowyer, as Personal Representative of the Estate of Andra K. Bowyer

498634.1[0182549]
5

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

COPY of the foregoing via
e-mail this 4th day of
March, 2005, to:

Gerald K. Smith, Esq.
Lewis and Roca, L.L.P.
40 North Central Avenue
Phoenix, Arizona 85004-4429
Attorneys for Candice Company
gsmith@lrlaw.com

Lawrence C. Wright, Esq.
Wright & Associates
1201 South Alma School Road, #3500
Mesa, Arizona 85210-2010
Attorneys for Defendants Brandon D. Wolfswinkel,
 Ashton A. Wolfswinkel, Vanderbilt Farms, L.L.C.,
 and Bailey Farms, L.L.C.
lcwright@trynetics.com

Lee Allen Johnson, Esq.
Lee Allen Johnson, P.C.
4625 South Wendler Drive, #111
Tempe, Arizona 85282
Attorneys for Defendants Brandon D. Wolfswinkel,
 Ashton A. Wolfswinkel, Vanderbilt Farms, L.L.C.,
 and Bailey Farms, L.L.C.
lee.johnson@azbar.org

Alan A. Meda, Esq.
C. Taylor Ashworth, Esq.
Stinson Morrison Hecker, L.L.P.
1850 North Central Avenue, #2100
Phoenix, Arizona 85004-4584
Attorneys for Plaintiffs J-Cor, Inc., Creek Ranch, Inc.,
 and Lobollanta Dairy, Inc.
ameda@stinsonmochek.com

Jerome K. Elwell, Esq.
Warner Angle Hallam Jackson & Formanek, P.L.C.
3550 North Central Avenue, #1500
Phoenix, Arizona 85012-2188
Attorneys for Plaintiff Wolfcor, L.L.C.
jelwell@warnerangle.com

J. Gregory Lake, Esq.
Lake & Cobb, P.L.C.
101 North First Avenue, #2000
Phoenix, Arizona 85003
Attorneys for Fulton Homes Corporation
lake@lakeandcobb.com

James E. Cross, Esq.
Osborn Maledon, P.A.
2929 North Central Avenue, Suite 2100
Phoenix, Arizona 85012-2794
Attorneys for Southwest Properties, Inc.
jcross@omlaw.com

Larry L. Watson, Esq.
U.S. Trustee's Office
230 North First Avenue, #204
Phoenix, Arizona 85003-1706
larry.watson@usdoj.gov


    /s/ Shelley Rafilson